JOHN TAYLOR and wife v. THE SEABOARD AND ROANOKE
RAILROAD COMPANY.

*Contract—Common Carrier—Evidence—Agency—Waiver.*

1. A contract, endorsed on a ticket for passage to a place and return,
   between a common carrier and a passenger, that the latter shall
   identify himself as the original purchaser of the ticket and have
   it stamped by the former's agent at a particular place, is a simple
   contract, and any of its provisions may be waived in parol.

2. To show such waiver it is competent to prove that the agent of the
   carrier, other than that at the station designated in the contract,
   recognized the ticket by permitting the passenger to identify him-
   self and by stamping it for the return trip.

This is a CIVIL ACTION, which was tried before *Philips, J.,*
at Fall Term, 1887, of NEW HANOVER Superior Court.

This case embraces two actions consolidated by order of
the Court. The plaintiffs repectively brought them to re-
cover damages from the defendant, occasioned by their
wrongful expulsion from one of the passenger cars of the
defendant by its agents while regularly carrying passengers
over its road from Portsmouth in the State of Virginia, to
Weldon in this State.

The following is a copy of so much of the case stated on
appeal as is necessary to a proper understanding of the
opinion of the Court:

" On the trial the plaintiff John Taylor was introduced as
a witness in behalf of plaintiffs, who testified that he and
his wife purchased at Wilmington, N. C., at a price less than
the regular fare from Wilmington, N. C., to Old Point, Va.,
and return, two certain tickets, (which were shown to witness,
identified and put in evidence,) one of the tickets being
signed by himself and the other by his wife; that in buy-
ing the tickets he and his wife did not expect or intend to
stop at Old Point, but to go directly by there to New York,
intending to purchase at Old Point or Norfolk other tickets

to New York; that plaintiffs stopped a day in Norfolk and did not go to Old Point at all, being informed by a fellow-passenger that they could have their tickets stamped at Norfolk instead of Old Point. By his advice they applied to a person appearing to be a ticket agent or purser on board one of the steamboats of the Bay Line, which was then lying in Norfolk, to have the tickets stamped; that person examined the tickets and signed and stamped them, and caused plaintiffs to sign their names on the back of their respective tickets; that plaintiffs left Norfolk by another route, known as the Cape Charles route, for New York, and came back from New York by the same route, and did not go to Old Point at all. Upon his return the conductor on board the train of the defendant, after leaving Portsmouth, refused to receive the tickets of himself and wife because they were not properly stamped, and demanded the regular fare from Portsmouth to Weldon, which was paid by plaintiff.

Plaintiffs then offered to prove that the person who signed and stamped the tickets at Norfolk was the authorized agent of the defendant. Defendant objected, and the Court sustained the objection, and the plaintiffs excepted.

The plaintiffs put in evidence the "tickets" mentioned held by each, which were precisely similar, except as to the name of the holder. The following is a copy of the material portions of one of these tickets, and the endorsements thereon:

WILMINGTON & WELDON RAILROAD COMPANY.

"Good for one continuous first-class passage to Old Point, Va., and return, as per coupons attached, when officially stamped.

*Subject to the following conditions :*

Having purchased this ticket at a reduced rate, I do, in consideration thereof, agree to be bound by and comply with

the following conditions in respect thereto: The trip from point of sale hereof to point of destination shall be made within ____ days from the date of issue stamped hereon. The return trip from point of departure to point of destination shall be made within ____ days from date of departure, such date to be stamped on the return checks, which shall be presented to the agent at Old Point, Va., for that purpose, and until such date is stamped thereon such checks cannot be used. The original purchaser hereof must be identified as such by a signature to be made hereon, in the presence of and witnessed by said agent, who shall determine whether such signature is genuine by comparing the same with the signature of such purchaser hereto attached. *This ticket and all checks attached shall be used in conformity with the above conditions prior to date punched in margin, and in any event shall be void on and after that date.* This ticket and checks attached shall be void unless the foregoing conditions are complied with.

*Signature,* D. TAYLOR.
*Witness,* R. E. BRANCH.

T. M. EMERSON,
*Gen'l Passenger Agent."*

The Court being of opinion that the plaintiffs could not recover, they suffered to a judgment of nonsuit and appealed.

*Mr. D. L. Russell,* for the plaintiffs.
*Mr. Thomas W. Strange,* for the defendant.

MERRIMON, J., (after stating the case). The counsel for the appellee contends in the argument before us, and it may be here conceded to be so, that the "tickets" put in evidence on the trial each embodied a contract in writing between the holder thereof and the defendant. The latter and the holder

of the ticket each had a right to insist upon a strict observance of every material stipulation, provision and requirement contained in it. Particularly for the present purpose, the defendant had the right to require that the plaintiffs should each be present in person and respectively present to its proper agent at Old Point in Virginia, his or her ticket and identify himself or herself as the original holder thereof by writing his or her name thereon and having the return "checks" stamped as in the check provided, which the plaintiff did not do.

But the contract being a simple contract in writing, it was competent for the defendant at any time after it was made, and before any particular provision of it had been complied with, to waive a compliance with the same on the part of the plaintiffs by a subsequent verbal agreement—one not in writing. It is true, that a simple contract completely reduced to writing cannot be contradicted, changed or modified by parol evidence of what was said and done by the parties to it at the time it was made, because the parties agreed to put the contract in writing and to make the writing part and evidence thereof. The very purpose of the writing is to render the agreement the more certain and to exclude parol evidence of it. Nevertheless, by the rules of the common law, it is competent for the parties to a simple contract in writing before any breach of its provisions, either altogether to waive, dissolve or abandon it, or to add to, change or modify it, or vary or qualify its terms, and thus make it a new one, which must in such case be proved partly by the written and partly by the subsequent unwritten parol contract, which has thus been incorporated into and made part of the original one. The reason for this seems to be that simple contracts, whether written or otherwise, are of the same dignity in contemplation of law, and therefore the written may be changed, modified, or waived in whole or in part by a subsequent one,

express or implied.   Smith on Contracts, (\*) 29 ; Chitty on Contracts (\*) 105, and notes ; Waits Ac. & Def., 344, 362.

The plaintiffs did not contend on the trial that the " tickets " referred to did not correctly express the contract between them respectively and the defendant as of the time they were issued, but that subsequently the defendant, through its properly authorized agent, agreed to waive and did waive so much of each contract, " ticket " in writing, as required the plaintiffs to appear personally before the defendant's agent at Old Point in Virginia, and there produce the tickets and identify themselves respectively as the original holders of them, by writing each his or her name on their tickets respectively and having the return checks attached to them stamped as required.   It was competent for the defendant to waive such requirement in writing or by parol agreement, and it was likewise competent for the plaintiffs to prove such agreement of waiver by parol.

The evidence produced and received in the trial tended to prove such agreement—that the defendant's agent, or a person representing himself to be its properly authorized agent at Norfolk and not at Old Point, identified the plaintiffs in the proper connection and did there what the defendant might have required to be done at Old Point, to give the " tickets " effect for the return trip.   The plaintiffs further " offered to prove that the person who required and stamped the tickets at Norfolk was the authorized agent of the defendant "—that is, fairly interpreting the record— authorized to do what he purported and undertook to do.

Upon objection the Court refused to allow the plaintiffs to produce such evidence.   We think it was pertinent and competent, and should have been received.   As it was not, the plaintiffs are entitled to a new trial, and we so adjudge.

Error.